IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 19-CR-1020 CJW |
| vs. | ) |
| JERRY TOWNS, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESISTANCE TO DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE**

Defendant asks the Court to grant a downward variance for various reasons, including defendant's lack of supervision during his upbringing, the small quantity of drugs involved in defendant's two career-offender predicate convictions, lack of need for deterrence, and an overrepresentation of the seriousness of defendant's offense by the sentencing guidelines. (Docket 54-1). However, given the nature and circumstances of this offense, defendant's history and characteristics, particularly his recidivist drug dealing, and the entirety of the statutory factions, these purported grounds do not justify a variance in this case and the Court should deny defendant's motion.

First, with respect to the nature and circumstances of this offense, defendant's conduct is serious and deserving of a significant sentence. Defendant sold drugs on four occasions. (PSR ¶¶ 4-7). Each of those sales occurred within 1,000 feet of a park, an elementary school, or both. (Id.). A search of defendant's residence, within 1,000 feet of a protected location, resulted in law enforcement finding more than 18 grams of cocaine in defendant's girlfriend's possession. (PSR ¶ 10). Defendant was also involved with guns. He first bragged about possessing a gun. (PSR ¶ 7). Defendant's girlfriend

1

attempted to remove a loaded gun from his apartment, along with the cocaine, at defendant's direction after he had been stopped by law enforcement. (PSR ¶ 10). Defendant was dealing drugs and armed. He was and remains a danger to the community based upon the nature and circumstances of his offense.

Second, defendant's history and characteristics demonstrate he is a recidivist drug dealer at high risk to recidivate again in the future. Defendant has previously been convicted of delivery of cocaine within a 1,000 feet of a protected location (PSR ¶ 34), delivery of cocaine (PSR ¶ 37), and conspiracy to distribute cocaine (PSR ¶ 38). He then distributed cocaine four times and possessed a distribution quantity of cocaine and a loaded gun in this case. The leniency he received after his prior drug trafficking convictions did not deter him from committing the offenses in this matter. Therefore, a significant sentence is necessary now to deter him from future crimes.

Further, his remaining criminal history shows a disrespect for the law that further indicates he is at high risk to recidivate. Those convictions include interference with official acts (PSR ¶¶ 29, 33, 39), disorderly conduct (PSR ¶¶ 27, 31, 35), escape (PSR ¶¶ 30, 36), and assault on a peace officer (PSR ¶ 30). Defendant also has employed violence in the past. He grabbed a woman by the hair and threw her into a wall and onto the ground. (PSR ¶ 27). Defendant participated in the assault of another individual, resulting in multiple lacerations and other injuries. (PSR ¶ 31). He also drove away from a traffic stop while an officer was speaking to him while partially inside the car, resulting in the car hitting the officer, and a brief pursuit. (PSR ¶ 28). Most recently, he ran from officers and refused to obey commands. (PSR ¶ 39). He also has an extremely poor history on supervision, violating conditions of release on

2

numerous occasions. (PSR ¶¶ 28, 32, 34, 37, 38). In short, defendant has shown no improvement in his behavior or increased respect for the law. Therefore, he is a risk to recidivate and a significant sentence is warranted to deter him from future criminal behavior.

Defendant cites his lack of supervision while growing up as a reason for a downward variance. (Docket 54-1 at 3-4). While the Court should consider defendant's childhood and background in arriving at an appropriate sentence, nothing in defendant's background is so unusual or out of the norm as to warrant a variance. Defendant himself describe his relationship with his mother as good, at least prior to his current conviction, and his relationship with his siblings as good. (PSR ¶¶ 56-57). While defendant may not have seen his father very often and lived in multiple homes with his family, except for one placement outside his family homes (PSR ¶ 60), that is, unfortunately, not unusual. Furthermore, there is no indication defendant was regularly abused or otherwise mistreated as a child. Defendant was around drug dealing as a child. (PSR ¶ 60). He has chosen to engage in that behavior his entire adult life and has not been consistently employed at lawful work. (PSR ¶ 70). Defendant is now 31 years old and has had numerous opportunities to put any difficulty in his upbringing behind him. Instead, he has continued to distribute drugs, demonstrate disrespect for the law, and endanger the public.

Defendant argues that a guidelines sentence is not necessary for deterrence because "[t]here is every reason to believe that this conviction will be more than sufficient 'deterrence' for Mr. Towns and that he will never again

3

violate the law." (Docke5433-1 at 6). Defendant is wrong. Defendant has had many opportunities in the past where a court showed him leniency in sentencing, only to reoffend or violate probation time and time again. Nothing in this record demonstrates he will conform to the law upon release. Instead, this record shows that he as an extremely high risk to recidivate. He has shown no indication that he is willing to reform his behavior when he is out of prison. A significant sentence is necessary to deter him from committing further crimes upon his release from prison. As importantly, a significant sentence is necessary to protect the public by preventing defendant from being on the streets, where he has shown an unabated tendency to commit crimes and endanger the public.

Fourth, defendant argues that general deterrence does not require a significant sentence here, arguing that "[t]here is no reason why 'general deterrence' justifies a greater sentence for Mr. Towns than it did for any other individuals in similar situations." (Docket 54-1 at 6). The government is seeking a guidelines sentence in this case. Those guidelines ensure that defendant receives a similar sentence to those similarly situated to him. Defendant simply does not like the situation he has created for himself – having committed enough serious criminal conduct in his life to be considered a career offender. Defendant seeks to be treated differently than other similar career offenders. But imposing a guideline sentence in this case would ensure he is treated similarly and would send a message of general deterrence.

The seriousness of defendant's conduct is not overstated by the sentencing guidelines. While defendant's prior convictions involve relatively small amounts of cocaine, he has shown himself to be a career offender. He began selling cocaine at a

4

young age and has continued to do so until the present case. In addition to his two prior delivery of cocaine convictions, he also has a conviction for conspiracy. He has shown zero respect for the law for 30 years even after numerous convictions and numerous probation violations. The guideline range in this case appropriately considers defendant's criminal history, prior convictions, and properly categorizes him as a career offender.

Pursuant to the statutory factors, a significant sentence is necessary both to protect the public and to deter defendant from committing further crimes. Prior leniency in state court has not been effective to accomplish either goal of sentencing. Therefore, the United States resists defendant's motion and will ask the Court to sentence defendant to within the undisputed Guidelines range of 151 to 188 months' imprisonment.

| | |
|---|---|
| CERTIFICATE OF SERVICE<br><br>I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on May 13, 2020.<br><br>UNITED STATES ATTORNEY<br><br>BY: /s/ HAD<br><br>COPIES TO: Mike Lahammer<br>               US Probation | Respectfully submitted,<br><br>PETER E. DEEGAN, JR.<br>United States Attorney<br><br>By, /s/ Anthony Morfitt<br><br>ANTHONY MORFITT<br>Assistant United States Attorney<br>111 7th Avenue SE, Box 1<br>Cedar Rapids, IA 52401-2101<br>(319) 363-6333<br>tony.morfitt@usdoj.gov |