1      IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF IOWA
2

3  UNITED STATES OF AMERICA,      )
                                  )
4              Plaintiff,         )
                                  )
5      VS.                        )    19-CR-1020
                                  )
6  JERRY TOWNS,                   )
                                  )
7              Defendant.         )

8

9                      APPEARANCES:

10  ATTORNEY ANTHONY RUSSELL MORFITT, U.S. Attorney's Office,
    111 Seventh Avenue S.E., Box 1, Cedar Rapids, Iowa 52401,
11  appeared on behalf of the United States.

12  ATTORNEY MICHAEL K. LAHAMMER, Lahammer Law Firm, 425
    Second Street S.E., Suite 1010, Cedar Rapids, Iowa 52401,
13  appeared on behalf of the Defendant.

14

15                   SENTENCING HEARING,

16          HELD BEFORE THE HON. C.J. WILLIAMS,

17  on the 20th day of May, 2020, at 111 Seventh Avenue S.E.,

18  Cedar Rapids, Iowa, commencing at 9:27 a.m., and reported

19  by Patrice A. Murray, Certified Shorthand Reporter, using

20  machine shorthand.

21  Transcript Ordered:  3/15/22
    Transcript Completed:  4/6/22
22

23              Patrice A. Murray, CSR, RMR, FCRR
                       Court Reporter
24                      PO Box 10541
                   Cedar Rapids, Iowa 52410
25               PAMurrayReporting@gmail.com

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 1 of 28

1    (The following proceedings were held in open court.)

2         THE COURT:  The matter now before the Court is

3    United States of America versus Jerry Towns, Criminal

4    Case Number 19-CR-1020.  This matter comes on for a

5    sentencing hearing.  The United States is represented by

6    Assistant United States Attorney Tony Morfitt.  The

7    defendant is personally present and represented by

8    attorney Mike Lahammer.  Also participating by telephone

9    is United States Probation Officer Stacy Sturdevant.  She

10   is the author of the presentence investigation report

11   that was filed at document number 50 in the court's file.

12        On December 23, 2019, the defendant pled guilty to

13   one count of a five-count indictment.  He pled guilty to

14   a lesser included offense of Count 3 of the indictment

15   that charged him with the crime of distribution of

16   cocaine.  This was in violation of Title 21 United States

17   Code Sections 841(a)(1) and 841(b)(1)(C).

18        That crime is punishable under the statute by up to

19   20 years in prison without the possibility of parole.

20   After the defendant has served his prison sentence, the

21   Court will place him on a term of supervised release of

22   at least 3 years and it can be up to life on supervised

23   release.  Probation is an option; and were the Court to

24   impose probation, it would be for a term of 1 to 5 years.

25   The Court can impose a fine of up to $1 million.  And the

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 2 of 28

1   Court must impose a mandatory special assessment of $100.

2       Mr. Morfitt, on behalf of the United States, have

3   you had a full and fair opportunity to review the

4   presentence report in this case?

5           MR. MORFITT:  Yes, Your Honor.

6           THE COURT:  Does the government have any

7   objections to the calculation of the advisory guidelines

8   or anything else in the report?

9           MR. MORFITT:  None, Your Honor.

10          THE COURT:  Thank you.

11      Mr. Lahammer, on behalf of Mr. Towns, have you and

12  your client had a full and fair opportunity to review the

13  presentence report?

14          MR. LAHAMMER:  We have, Your Honor.

15          THE COURT:  When I went through the report, I

16  noted some objections by the defendant.  There was an

17  objection at paragraph 31, 32, and 36.  Those all are

18  criminal history -- in the criminal history section, and

19  they were additional facts or narratives, objections, or

20  explanations.  Are there any of those objections that you

21  believe the Court needs to rule on today?

22          MR. LAHAMMER:  I do not, Your Honor.

23          THE COURT:  And then I noted that there was

24  another objection at paragraph 46 to a pending charge.

25  Were those all the objections the defendant has to the

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 3 of 28

1    presence report?

2           MR. LAHAMMER:  Those are all the objections,

3    Your Honor.

4           THE COURT:  Very good.  Mr. Lahammer, could you

5    make a brief record of how you went through this report

6    with your client?

7           MR. LAHAMMER:  Yes, Your Honor.  Upon receipt

8    of the draft presence report March 4th, I provided a

9    copy to my client at the jail.  Subsequently, I met with

10   him, and we reviewed it paragraph by paragraph to

11   determine if there was any exceptions or objections that

12   we had to the information in the report.  Based on that

13   meeting, I filed objections to the report.

14       Upon receipt of the final report April 1st, I again

15   provided a copy to my client at the jail.  And again, we

16   discussed subsequently if we had any additional

17   objections or exceptions.

18       Based on those meetings, we filed a sentencing memo

19   with the Court and also a motion for downward variance,

20   along with a brief.

21           THE COURT:  Thank you, Mr. Lahammer.

22       Mr. Towns, I noted when I looked through this

23   presence report that you did not complete high school

24   or earn a GED, but were you able to read through this

25   report on your own, sir?

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 4 of 28

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you feel like you've had

3 sufficient time to go through this report with

4 Mr. Lahammer?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Whenever you have spoken with

7 Mr. Lahammer about this report, has he been able to

8 answer any questions you've had about it?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Do you have any questions today

11 about this report?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  All right.  Let's turn first then

14 to the calculation of the advisory guideline range as

15 determined by the probation office.  That calculation

16 begins at page 6.  At paragraph 13, the probation office

17 has assessed the defendant with a base offense level of

18 12 based on the drug quantity and the table at section

19 2D1.1 of the guidelines.

20     At paragraph 14, the defendant has been assessed

21 with a 2-level enhancement for possession of a firearm

22 under section 2D1.1(b)(1).  That gives us an adjusted

23 offense level of 14.

24     Under Chapter 4 of the guidelines, the probation

25 office has determined the defendant qualifies as a career

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 5 of 28

1  offender based on his age, criminal history, and nature

2  of offenses.  This is under section 4B1.1(b)(3).  That

3  changes his offense level to a 32.

4      The defendant has pled guilty to this offense, and

5  so the probation office has awarded him with a 2-level

6  reduction for acceptance of responsibility under section

7  3E1.1(a) of the guidelines.  Mr. Morfitt, what is the

8  government's position about whether the defendant should

9  receive an additional 1-level reduction for entering a

10  timely guilty plea under section 3E1.1(b)?

11          MR. MORFITT:  The government moves for the

12  additional level, Your Honor.

13          THE COURT:  The Court grants that motion.  And

14  so with 3 levels off for acceptance of responsibility,

15  the defendant's total offense level would be 29.

16      The defendant has some criminal history, which the

17  probation office has summarized and scored beginning at

18  paragraph 24 and carrying over to paragraph 43.  The

19  defendant's prior convictions have resulted in 10

20  criminal history points.  Because the defendant committed

21  the instant offense while under a criminal justice

22  sentence, 2 additional points were added, for a total of

23  12 criminal history points.  That would place him in

24  criminal history category V.  But because the defendant

25  qualifies as a career offender under the Chapter 4

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 6 of 28

provision, at 4B1.1 -- yeah, 4B1.1(b), the defendant's

criminal history category becomes a VI. So with a total

offense level of 29, criminal history category VI, the

advisory guideline range of imprisonment is 151 to

188 months.

In preparation for today's sentencing hearing, I

have reviewed in detail, of course, the presentence

investigation report. I have also reviewed the pleadings

by the parties. The defendant filed a sentencing

memorandum at document number 53. At document number 54,

the defendant filed a motion for a downward variance.

And at document number 55, the government filed a

resistance to that downward variance motion.

Mr. Morfitt, are there any other pleadings or

documents that I should have reviewed in preparation for

today's hearing?

MR. MORFITT: No, Your Honor.

THE COURT: Mr. Lahammer?

MR. LAHAMMER: No, Your Honor.

THE COURT: All right. So the only matter

before the Court then is determining the ultimate

sentence and whether I should vary from the advisory

guideline range. The burden is on the defendant to

persuade the Court to vary from the advisory guideline

range, but it is my practice generally to hear first from

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 7 of 28

1    the government regarding any downward variance motion and

2    the ultimate disposition they believe is appropriate.

3    That then gives the defense attorney an opportunity to

4    respond to the government's argument and make their own

5    argument, and then I will hear from Mr. Towns if he

6    wishes to say anything to me, and then I'll impose

7    sentence.

8        And so, Mr. Morfitt, I'll hear from you first, sir.

9            MR. MORFITT:  Yes, Your Honor.  For the reasons

10   stated in our resistance at docket 55, the government

11   does resist the motion for a downward variance and

12   requests the Court sentence the defendant to the bottom

13   of the guideline range, undisputed guideline range, as

14   calculated by the Court, 151 months.

15       The defendant is a career offender.  He had two

16   prior felony drug offenses, and then was distributing

17   cocaine on multiple occasions in this case.  He did have

18   a relatively low quantity of drugs, as reported in the

19   presentence report, and then the career offender bump

20   bumps up his guideline range significantly.  However,

21   that is appropriate in this case.  This defendant's

22   history and characteristics, particularly his criminal

23   history, demonstrate he is a danger to the community and

24   at a high risk to recidivate, and a significant sentence

25   is necessary to deter him from committing future criminal

*Contact Patrice Murray at PAMurrayReporting@gmail.com
for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 8 of 28

1 acts and to protect the public. He not only has the two
2 prior felony drug offenses, he has numerous other
3 convictions that show he has zero respect for the law and
4 is at a high risk to recidivate, including interference
5 with official acts on multiple occasions, escape from
6 custody twice, assault on a police officer. He's also
7 had a terrible record while on supervision, having
8 violated conditions of release on numerous occasions.
9       So, in short, this is a defendant who has earned the
10 career offender designation and shown that he has no
11 respect for the law and will not comply with the law.
12 I'd also note that the nature and circumstances of this
13 offense in some ways show an escalation of his criminal
14 behavior. Here, he was not only distributing cocaine
15 near multiple protected locations, his girlfriend after
16 he got arrested attempted to smuggle more cocaine and,
17 perhaps most concerningly, a loaded firearm out of his
18 apartment at his behest when he got stopped by law
19 enforcement in a traffic stop. So he's not only
20 continuing to deal drugs, he's now in possession of
21 loaded firearms at the time, so his danger to the
22 community has only increased over time. Therefore, we do
23 resist the motion for the downward variance, for the
24 other reasons stated in our resistance, and ask the Court
25 to sentence him to 151 months, the bottom of the

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 9 of 28

```
 1   guideline range, and 3 years of supervised release to
 2   follow.
 3              THE COURT:  Thank you, Mr. Morfitt.
 4        Mr. Lahammer.
 5              MR. LAHAMMER:  Thank you, Your Honor.  Your
 6   Honor, I won't regurgitate everything we put in our
 7   motion for a downward variance, but I would like to
 8   highlight a couple items.  First off is his criminal
 9   history is already reflected in his original scoring of
10   his category V criminal history under the guidelines
11   before the career offender kicks in.  Our main argument
12   on the variance, Your Honor, is that the career offender
13   guideline -- advisory guideline, I should point out --
14   overstates the seriousness of the offense in this case.
15   The two priors in May of 2009 and August of 2012 involve
16   a total of 2.33 grams of crack in the first offense and
17   .6 grams of crack in the second offense.  There was a
18   conspiracy to distribute that involved 2.2 grams in that
19   second offense as well, which would make it a total of
20   2.8 grams, so basically you are talking about 5.1 grams
21   total which form the basis for a career offender.
22   There's nothing to distinguish the conduct and priors in
23   Mr. Towns's offense from somebody who distributed
24   50 grams or 100 grams or 500 grams in the past forming
25   the basis for predicates.  And in this case, we have an
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 10 of 28

```
 1   adjusted offense level of 14, criminal history V, for 33
 2   to 41 months under the guidelines, prior to taking into
 3   account Chapter 4.  Chapter 4 makes it a 151 to 188.
 4   That's significant in this case, Your Honor.
 5       We also brought up his upbringing, the foster care,
 6   the group home, the neighborhood.  His whole family sold
 7   drugs.  Ever since he was a toddler, he's seen his
 8   cousins and family members selling drugs.  And that was
 9   his environment growing up.  And we take exception to the
10   government's statement in their resistance, "Nothing in
11   his background is so unusual or out of the norm as to
12   warrant a variance."  Well, certainly, the drafters of
13   the guidelines didn't come up with the guidelines based
14   on everybody having been in foster care or a group home,
15   having been abandoned by their father and temporarily by
16   their mother, and where the whole family is dealing drugs
17   his whole life.
18       So it's based on that, the minimal quantities, the
19   fact that without the priors he would be at 33 to
20   41 months, that we are asking for a downward variance in
21   this case.  We would leave that to the discretion of the
22   Court, but we argue that 151 to 188 months is certainly
23   overstating the seriousness of the offense in this case.
24       We would also have additional information we'd like
25   to provide the Court at sidebar in order for the Court to
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 11 of 28

```
 1  be fully informed and make a decision under all the
 2  factors under 3553(a) in this case.
 3          THE COURT:  All right.  Here's how we're going
 4  to do this in this day of a pandemic, is instead of
 5  having this at sidebar, I'm going to ask everybody in the
 6  courtroom, except for government personnel, to leave the
 7  courtroom temporarily so I can have a private
 8  conversation with the parties, and then we'll invite you
 9  back in here in a couple minutes.  So I just ask you to
10  step outside and the court security officer will invite
11  you back in when it's time.
12                        *  *  *  *  *
13      (A sealed discussion was held with the Court.)
14                        *  *  *  *  *
15      (The following was held in open court.)
16          THE COURT:  All right.  Mr. Lahammer, anything
17  further you'd like to say at this time?
18          MR. LAHAMMER:  No, Your Honor.  Thank you.
19          THE COURT:  Very good.  Mr. Towns, this is the
20  time in the hearing when you have an opportunity to speak
21  to me directly, to tell me anything you'd like me to take
22  into account in determining your sentence.  You don't
23  have to say anything.  And if you choose not to say
24  anything, I won't hold that against you in any way.  But
25  if there's anything you'd like to say, now is the time to
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 12 of 28

1  do so.  Is there anything you'd like to say, sir?

2          THE DEFENDANT:  Yes, I want to say something,

3  briefly.

4          THE COURT:  Go right ahead.

5          THE DEFENDANT:  I just want to apologize to the

6  courts, and most of all to my family, my children.  I

7  just want to say I'm looking forward to rehabilitating

8  myself throughout this process, and I've got to step it

9  up for my family.  So I just want to say I apologize.

10 That's it.

11         THE COURT:  All right.  Thank you, Mr. Towns.

12    In arriving at a sentence that is sufficient but not

13 greater than necessary to achieve the goals of

14 sentencing, I have considered all the factors set forth

15 at Title 18 United States Code Section 3553(a).  Even if

16 I do not mention each of them in my comments here today,

17 I have taken them into account in determining the

18 defendant's sentence.

19    Turning first to the nature and circumstances of the

20 offense conduct, the defendant was involved in this

21 investigation for a period of the summer of 2017 into the

22 fall of 2018, in the distribution of cocaine and cocaine

23 base.  There was a controlled buy from the defendant in

24 August of 2017.  About four months later, officers

25 conducted a traffic stop on a customer who provided

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 13 of 28

1 information that led to a search warrant of the

2 defendant's house.  During that search, officers

3 recovered cocaine residue, a digital scale, plastic

4 baggies with corners missing, and some ecstasy pills.

5 That did not deter the defendant.  After that occurred,

6 law enforcement officers were able to make two more

7 controlled buys of cocaine from the defendant in August

8 and September of 2018.  There was ultimately a search

9 warrant of the defendant, defendant's residence again.

10 The defendant did contact his girlfriend to try to have

11 her remove cocaine and a loaded firearm from the

12 residence when he was apprehended in connection with that

13 investigation.

14      Turning to the defendant's history and

15 characteristics, the defendant is 31 years old, married,

16 and has six dependent children.  The defendant is in good

17 health physically and has no history of mental illness or

18 difficulties there.

19      The defendant has used marijuana since the age of 20

20 and has had some treatment on three different occasions,

21 in 2010, 2014, and 2016.

22      He did not complete high school or earn his GED.

23 His employment history is very limited.  It doesn't

24 appear that he's worked in a legitimate job at all for

25 the last six years and has limited employment before

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 14 of 28

1  that.  This is reflected at both paragraphs 70 and 71 of

2  the presentence report.  Before the pandemic hit, we had

3  record low unemployment.  There's no reason why the

4  defendant with children shouldn't have been out working a

5  legitimate job, earning money to take care of his

6  children.

7      Mr. Lahammer described accurately the defendant's

8  upbringing.  It was poor in the sense the defendant did

9  not have a father in his life.  He was in foster care.

10  He was separated from his mother for a period of time.

11  He was not taken care of.  It appears he grew up in an

12  environment where drug dealing was basically the way

13  things were done, and that's what he learned growing up.

14      The defendant's criminal history is troubling, both

15  in the nature of the offenses and in the quantity.  By my

16  count, the defendant has 13 adult convictions.  I'm not

17  counting the juvenile convictions.  9 of those 13

18  occurred while the defendant was on probation or parole

19  for another offense.  4 of them involved violence.  8 of

20  the convictions didn't even score any criminal points.

21  And despite that, the defendant still earned 10 criminal

22  history points.  He engaged in the instant criminal

23  conduct while under criminal justice sentences, so he was

24  on probation or parole when he committed the instant

25  offense.  He's been previously convicted twice of

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 15 of 28

```
1    controlled substances offenses.  That has not deterred
2    him.  He has not received significant sentences, and
3    other courts being lenient with the defendant has not
4    deterred him.
5         The defendant's argument -- and it's a good argument
6    by Mr. Lahammer -- that the drug quantities involved in
7    his prior convictions that establish the predicates
8    making him a career offender were very small and it does
9    not distinguish him from other drug dealers dealing with
10   a larger quantity of controlled substances, that argument
11   has some purchase, but here's the way I'm looking at
12   this.  The -- Congress and the Sentencing Commission have
13   attempted to determine how to sentence people based on a
14   couple things when it comes to drug dealing.  One is drug
15   quantity, and so the guidelines and mandatory minimum
16   sentences are driven in part by drug quantities, and the
17   greater the drug quantity, the greater the mandatory
18   minimum, the greater the guideline sentence is.  The
19   other way that the guidelines address it, the Sentencing
20   Commission and the Congress has addressed how to punish
21   drug dealers, is to look at the pattern of activity,
22   regardless of the drug quantity involved.  Is this a
23   person who is making a career out of dealing drugs?  And
24   when that happens, regardless of the drug quantity
25   involved, it shows a pattern of conduct that reflects a
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 16 of 28

1  danger to the community, it reflects a lack of

2  deterrence, a lack -- and a high degree of recidivism

3  that is deserving of greater punishment, both to protect

4  the community by removing the defendant from the

5  community for a period of time, and also to deter the

6  defendant and other people from making their livelihood

7  by selling drugs.

8       And so while I recognize the drug quantity in this

9  case was relatively small that led to the predicate

10 offenses of conviction, I find that the career offender

11 categorization of this defendant was well earned.

12 Looking again at his employment history against his

13 criminal history, it's very clear that this defendant has

14 made a living selling drugs, and prior convictions

15 haven't deterred him, prior contact with law enforcement

16 hasn't deterred him, and this is what he does for a

17 living.  He is, under any common definition of a career

18 offender, a career offender.  And so I find that that

19 application is appropriate here.

20      His childhood is a mitigating factor.  But under the

21 circumstances, I don't find it to be a sufficiently

22 mitigating factor to call for a sentence below the

23 advisory guideline range.  It does call for a sentence at

24 the bottom of the advisory guideline range though.

25      And so taking into account all the factors set forth

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 17 of 28

1   at Title 18 United States Code Section 3553(a), it is the

2   judgment of this Court that you are hereby committed to

3   the custody of the Bureau of Prisons to be imprisoned for

4   a term of 151 months.  It is ordered that the term of

5   imprisonment for the instant offense be served

6   consecutive to any term of imprisonment that may be

7   imposed in the Georgia District Court for Fulton County,

8   case number 17-009401.  This is under Title 18 United

9   States Code Section 3584.

10      It is recommended that you be designated to a Bureau

11  of Prisons facility in close proximity to your family

12  which is commensurate with your security and custody

13  classification needs.  It's further recommended that you

14  participate in the Bureau of Prisons' 500-hour

15  Comprehensive Residential Drug Abuse Treatment Program or

16  an alternate substance abuse treatment program.  Upon

17  release from imprisonment, you will be placed on

18  supervised release for a term of 3 years.  While on

19  supervised release, you must comply with the following

20  mandatory conditions:  You must not commit another

21  federal, state, or local crime; you must not unlawfully

22  use or possess a controlled substance; and you must

23  cooperate in the collection of a DNA sample as directed

24  by your probation officer.  In addition, you must comply

25  with the standard conditions of supervision, which will

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 18 of 28

```
1  be set out in my judgment order, and with all of the
2  special conditions set forth at paragraphs 83 through 86
3  of the presentence report.
4       It is ordered that you must pay to the United States
5  a special assessment of $100, which will be due
6  immediately.  I find that you do not have the ability to
7  pay a fine or community restitution, and so none will be
8  imposed.
9       You are hereby remanded to the custody of the United
10 States Marshal.
11      Mr. Morfitt, there remains Counts 1, 2, 4, and 5
12 that are pending against the defendant.
13           MR. MORFITT:  Yes, Your Honor.  The government
14 moves to dismiss Counts 1, 2, 4, and 5 as to this
15 defendant.
16           THE COURT:  The Court grants that motion, and
17 Counts 1, 2, 4 and 5 are hereby dismissed.
18      Mr. Morfitt, before I advise Mr. Towns of his rights
19 to appeal, is there anything else on behalf of the United
20 States?
21           MR. MORFITT:  No, Your Honor.
22           THE COURT:  Officer Sturdevant?
23           PROBATION OFFICER:  No, Your Honor.
24           THE COURT:  And Mr. Lahammer?
25           MR. LAHAMMER:  Briefly, Your Honor.  I've got a
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 19 of 28

1  receipt here for the $100 special assessment.  We would
2  ask that that be reflected in the judgment and commitment
3  order.
4            THE COURT:  Very good.  If you could provide
5  that to my law clerk after the hearing, we'll make sure
6  that appears in the judgment and committal order.
7  Anything further, Mr. Lahammer?
8            MR. LAHAMMER:  No, Your Honor.
9            THE COURT:  Very good.
10       Mr. Towns, let me talk to you, sir, about your
11  rights to appeal.  If you disagree with the sentence I've
12  just imposed, you have the right to appeal that sentence
13  to a higher court.  That court is called the Eighth
14  Circuit Court of Appeals.  To appeal to that court, you
15  would have to file a written notice of appeal with the
16  Clerk of Court for the Northern District of Iowa here in
17  Cedar Rapids, Iowa, within the next 14 days.  If you fail
18  to file a written notice of appeal in the next 14 days,
19  you give up forever your right to appeal the sentence
20  I've just imposed.  If you would like to appeal and you
21  cannot afford the services of an attorney to do so, then
22  I would appoint an attorney to represent you on appeal at
23  no expense to you.  Do you understand your right to
24  appeal, sir?
25            THE DEFENDANT:  Yes, sir.

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 20 of 28

1          THE COURT:  Do you have any questions about

2    anything we've done here today, sir?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Mr. Lahammer, anything further?

5          MR. LAHAMMER:  No, Your Honor.  Thank you.

6          THE COURT:  Mr. Morfitt?

7          MR. MORFITT:  No, Your Honor.

8          THE COURT:  Thank you.  That concludes the

9    hearing.

10       (Proceedings concluded at 9:57 a.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 21 of 28

1        C E R T I F I C A T E

2            I, Patrice A. Murray, a Certified Shorthand
   Reporter of the State of Iowa, do hereby certify that at
3    the time and place heretofore indicated, a hearing was
   held before the Honorable C.J. Williams; that I reported
4    in shorthand and transcribed to the best of my ability
   the proceedings of said hearing; and that the foregoing
5    transcript is a true record of all proceedings had on the
   taking of said hearing at the above time and place.

6

7            I further certify that I am not related to or
   employed by any of the parties to this action, and
   further, that I am not a relative or employee of any
8    attorney or counsel employed by the parties hereto or
   financially interested in the action.

9

10         IN WITNESS WHEREOF, I have set my hand this 6th day
   of April, 2022.

11

            /s/ Patrice A. Murray
12          Patrice A. Murray, CSR, RMR, FCRR
            Court Reporter
13          PO Box 10541
            Cedar Rapids, Iowa 52410

14

15

16

17

18

19

20

21

22

23

24

25

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 22 of 28

**$**

**$100** [3] - 3:1, 19:5, 20:1

**/**

**/s** [1] - 22:11

**1**

**1** [6] - 1:10, 2:24, 2:25, 19:11, 19:14, 19:17
**1-level** [1] - 6:9
**10** [2] - 6:19, 15:21
**100** [1] - 10:24
**1010** [1] - 1:12
**10541** [2] - 1:24, 22:13
**111** [2] - 1:10, 1:17
**12** [2] - 5:18, 6:23
**13** [3] - 5:16, 15:16, 15:17
**14** [5] - 5:20, 5:23, 11:1, 20:17, 20:18
**151** [6] - 7:4, 8:14, 9:25, 11:3, 11:22, 18:4
**17-009401** [1] - 18:8
**18** [3] - 13:15, 18:1, 18:8
**188** [3] - 7:5, 11:3, 11:22
**19-CR-1020** [2] - 1:5, 2:4
**1st** [1] - 4:14

**2**

**2** [4] - 6:22, 19:11, 19:14, 19:17
**2-level** [2] - 5:21, 6:5
**2.2** [1] - 10:18
**2.33** [1] - 10:16
**2.8** [1] - 10:20
**20** [2] - 2:19, 14:19
**2009** [1] - 10:15
**2010** [1] - 14:21
**2012** [1] - 10:15
**2014** [1] - 14:21
**2016** [1] - 14:21
**2017** [2] - 13:21, 13:24
**2018** [2] - 13:22, 14:8
**2019** [1] - 2:12
**2020** [1] - 1:17
**2022** [1] - 22:10
**20th** [1] - 1:17
**21** [1] - 2:16
**23** [1] - 2:12
**24** [1] - 6:18
**29** [2] - 6:15, 7:3
**2D1.1** [1] - 5:19
**2D1.1(b)(1)** [1] - 5:22

**3**

**3** [5] - 2:14, 2:22, 6:14, 10:1, 18:18
**3/15/22** [1] - 1:21
**31** [2] - 3:17, 14:15
**32** [2] - 3:17, 6:3
**33** [2] - 11:1, 11:19
**3553(a** [2] - 12:2, 18:1
**3553(a)** [1] - 13:15
**3584** [1] - 18:9
**36** [1] - 3:17
**3E1.1(a** [1] - 6:7
**3E1.1(b** [1] - 6:10

**4**

**4** [6] - 5:24, 6:25, 11:3, 15:19, 19:11, 19:14, 19:17
**4/6/22** [1] - 1:21
**41** [2] - 11:2, 11:20
**425** [1] - 1:12
**43** [1] - 6:18
**46** [1] - 3:24
**4B1.1** [1] - 7:1
**4B1.1(b** [1] - 7:1
**4B1.1(b)(3)** [1] - 6:2
**4th** [1] - 4:8

**5**

**5** [4] - 2:24, 19:11, 19:14, 19:17
**5.1** [1] - 10:20
**50** [2] - 2:11, 10:24
**500** [1] - 10:24
**500-hour** [1] - 18:14
**52401** [2] - 1:10, 1:12
**52410** [2] - 1:24, 22:13
**53** [1] - 7:10
**54** [1] - 7:10
**55** [2] - 7:12, 8:10

**6**

**6** [2] - 5:16, 10:17
**6th** [1] - 22:9

**7**

**70** [1] - 15:1
**71** [1] - 15:1

**8**

**8** [1] - 15:19
**83** [1] - 19:2

**841(a)(1** [1] - 2:17
**841(b)(1)(C)** [1] - 2:17
**86** [1] - 19:2

**9**

**9** [1] - 15:17
**9:27** [1] - 1:18
**9:57** [1] - 21:10

**A**

**a.m** [2] - 1:18, 21:10
**abandoned** [1] - 11:15
**ability** [2] - 19:6, 22:4
**able** [3] - 4:24, 5:7, 14:6
**Abuse** [1] - 18:15
**abuse** [1] - 18:16
**acceptance** [2] - 6:6, 6:14
**account** [4] - 11:3, 12:22, 13:17, 17:25
**accurately** [1] - 15:7
**achieve** [1] - 13:13
**action** [2] - 22:7, 22:8
**activity** [1] - 16:21
**acts** [2] - 9:1, 9:5
**added** [1] - 6:22
**addition** [1] - 18:8
**additional** [6] - 3:19, 4:16, 6:9, 6:12, 6:22, 11:24
**address** [1] - 16:19
**addressed** [1] - 16:20
**adjusted** [2] - 5:22, 11:1
**adult** [1] - 15:16
**advise** [1] - 19:18
**advisory** [8] - 3:7, 5:14, 7:4, 7:22, 7:24, 10:13, 17:23, 17:24
**afford** [1] - 20:21
**age** [2] - 6:1, 14:19
**ahead** [1] - 13:4
**alternate** [1] - 18:16
**America** [1] - 2:3
**AMERICA** [1] - 1:3
**answer** [1] - 5:8
**ANTHONY** [1] - 1:10
**apartment** [1] - 9:18
**apologize** [2] - 13:5, 13:9
**appeal** [10] - 19:19, 20:11, 20:12, 20:14, 20:15, 20:18, 20:19, 20:20, 20:22, 20:24
**Appeals** [1] - 20:14
**appear** [1] - 14:24
**APPEARANCES** [1] - 1:9
**appeared** [2] - 1:11, 1:13
**application** [1] - 17:19
**appoint** [1] - 20:22
**apprehended** [1] - 14:12
**appropriate** [3] - 8:2, 8:21,

17:19
**April** [2] - 4:14, 22:10
**argue** [1] - 11:22
**argument** [6] - 8:4, 8:5, 10:11, 16:5, 16:10
**arrested** [1] - 9:16
**arriving** [1] - 13:12
**assault** [1] - 9:6
**assessed** [2] - 5:17, 5:20
**assessment** [3] - 3:1, 19:5, 20:1
**Assistant** [1] - 2:6
**attempted** [2] - 9:16, 16:13
**ATTORNEY** [2] - 1:10, 1:12
**Attorney** [1] - 2:6
**attorney** [5] - 2:8, 8:3, 20:21, 20:22, 22:8
**Attorney's** [1] - 1:10
**August** [3] - 10:15, 13:24, 14:7
**author** [1] - 2:10
**Avenue** [2] - 1:10, 1:17
**awarded** [1] - 6:5

**B**

**background** [1] - 11:11
**baggies** [1] - 14:4
**base** [2] - 5:17, 13:23
**based** [7] - 4:12, 4:18, 5:18, 6:1, 11:13, 11:18, 16:13
**basis** [2] - 10:21, 10:25
**becomes** [1] - 7:2
**BEFORE** [1] - 1:16
**beginning** [1] - 6:17
**begins** [1] - 5:16
**behalf** [5] - 1:11, 1:13, 3:2, 3:11, 19:19
**behavior** [1] - 9:14
**behest** [1] - 9:18
**below** [1] - 17:22
**best** [1] - 22:4
**bottom** [3] - 8:12, 9:25, 17:24
**Box** [3] - 1:10, 1:24, 22:13
**brief** [2] - 4:5, 4:20
**briefly** [2] - 13:9, 19:25
**brought** [1] - 11:5
**bump** [1] - 8:19
**bumps** [1] - 8:20
**burden** [1] - 7:23
**Bureau** [3] - 18:3, 18:10, 18:14
**buy** [1] - 13:23
**buys** [1] - 14:7

**C**

**C.J** [2] - 1:16, 22:3

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 23 of 28

**calculated** [1] - 8:14
**calculation** [3] - 3:7, 5:14, 5:15
**call** [2] - 17:22, 17:23
**called** [1] - 20:13
**cannot** [1] - 20:21
**care** [5] - 11:5, 11:14, 15:5, 15:9, 15:11
**career** [13] - 5:25, 6:25, 8:15, 8:19, 9:10, 10:11, 10:12, 10:21, 16:8, 16:23, 17:10, 17:17, 17:18
**carrying** [1] - 6:18
**case** [11] - 3:4, 8:17, 8:21, 10:14, 10:25, 11:4, 11:21, 11:23, 12:2, 17:9, 18:8
**Case** [1] - 2:4
**categorization** [1] - 17:11
**category** [4] - 6:24, 7:2, 7:3, 10:10
**Cedar** [6] - 1:10, 1:12, 1:18, 1:24, 20:17, 22:13
**certainly** [2] - 11:12, 11:22
**Certified** [1] - 1:19, 22:2
**certify** [2] - 22:2, 22:6
**changes** [1] - 6:3
**Chapter** [4] - 5:24, 6:25, 11:3
**characteristics** [2] - 8:22, 14:15
**charge** [1] - 3:24
**charged** [1] - 2:15
**childhood** [1] - 17:20
**children** [3] - 13:6, 14:16, 15:4, 15:6
**choose** [1] - 12:23
**Circuit** [1] - 20:14
**circumstances** [3] - 9:12, 13:19, 17:21
**classification** [1] - 18:13
**clear** [1] - 17:13
**clerk** [1] - 20:5
**Clerk** [1] - 20:16
**client** [4] - 3:12, 4:6, 4:9, 4:15
**close** [1] - 18:11
**cocaine** [9] - 2:16, 8:17, 9:14, 9:16, 13:22, 14:3, 14:7, 14:11
**Code** [4] - 2:17, 13:15, 18:1, 18:9
**collection** [1] - 18:23
**commencing** [1] - 1:18
**commensurate** [1] - 18:12
**comments** [1] - 13:16
**Commission** [2] - 16:12, 16:20
**commit** [1] - 18:20
**commitment** [1] - 20:2
**committal** [1] - 20:6
**committed** [3] - 6:20, 15:24, 18:2

**committing** [1] - 8:25
**common** [1] - 17:17
**community** [6] - 8:23, 9:22, 17:1, 17:4, 17:5, 19:7
**complete** [2] - 4:23, 14:22
**Completed** [1] - 1:21
**comply** [3] - 9:11, 18:19, 18:24
**Comprehensive** [1] - 18:15
**concerningly** [1] - 9:17
**concluded** [1] - 21:10
**concludes** [1] - 21:8
**conditions** [4] - 9:8, 18:20, 18:25, 19:2
**conduct** [4] - 10:22, 13:20, 15:23, 16:25
**conducted** [1] - 13:25
**Congress** [2] - 16:12, 16:20
**connection** [1] - 14:12
**consecutive** [1] - 18:6
**considered** [1] - 13:14
**conspiracy** [1] - 10:18
**contact** [2] - 14:10, 17:15
**continuing** [1] - 9:20
**controlled** [5] - 13:23, 14:7, 16:1, 16:10, 18:22
**conversation** [1] - 12:8
**convicted** [1] - 15:25
**conviction** [1] - 17:10
**convictions** [7] - 6:19, 9:3, 15:16, 15:17, 15:20, 16:7, 17:14
**cooperate** [1] - 18:23
**copy** [2] - 4:9, 4:15
**corners** [1] - 14:4
**counsel** [1] - 22:8
**count** [3] - 2:13, 15:16
**Count** [1] - 2:14
**counting** [1] - 15:17
**Counts** [3] - 19:11, 19:14, 19:17
**County** [1] - 18:7
**couple** [3] - 10:8, 12:9, 16:14
**course** [1] - 7:7
**Court** [24] - 1:23, 2:2, 2:21, 2:23, 2:25, 3:1, 3:21, 4:19, 6:13, 7:21, 7:24, 8:12, 8:14, 9:24, 11:22, 11:25, 12:13, 18:2, 18:7, 19:16, 20:14, 20:16, 22:12
**COURT** [30] - 1:1, 2:2, 3:6, 3:10, 3:15, 3:23, 4:4, 4:21, 5:2, 5:6, 5:10, 5:13, 6:13, 7:18, 7:20, 10:3, 12:3, 12:16, 12:19, 13:4, 13:11, 19:16, 19:22, 19:24, 20:4, 20:9, 21:1, 21:4, 21:6, 21:8
**court** [6] - 2:1, 12:10, 12:15, 20:13, 20:14
**court's** [1] - 2:11
**courtroom** [2] - 12:6, 12:7

**courts** [2] - 13:6, 16:3
**cousins** [1] - 11:8
**crack** [2] - 10:16, 10:17
**crime** [3] - 2:15, 2:18, 18:21
**Criminal** [1] - 2:3
**criminal** [22] - 3:18, 6:1, 6:16, 6:20, 6:21, 6:23, 6:24, 7:2, 7:3, 8:22, 8:25, 9:13, 10:10, 11:1, 15:14, 15:20, 15:21, 15:22, 15:23, 17:13
**CSR** [2] - 1:23, 22:12
**custody** [4] - 9:6, 18:3, 18:12, 19:9
**customer** [1] - 13:25

## D

**danger** [3] - 8:23, 9:21, 17:1
**days** [2] - 20:17, 20:18
**deal** [1] - 9:20
**dealers** [2] - 16:9, 16:21
**dealing** [5] - 11:16, 15:12, 16:9, 16:14, 16:23
**December** [1] - 2:12
**decision** [1] - 12:1
**Defendant** [2] - 1:7, 1:13
**DEFENDANT** [8] - 5:1, 5:5, 5:9, 5:12, 13:2, 13:5, 20:25, 21:3
**defendant** [40] - 2:7, 2:12, 2:20, 3:16, 3:25, 5:17, 5:20, 5:25, 6:4, 6:8, 6:16, 6:20, 6:24, 7:9, 7:11, 7:23, 8:12, 8:15, 9:9, 13:20, 13:23, 14:5, 14:7, 14:9, 14:10, 14:15, 14:16, 14:19, 15:4, 15:8, 15:16, 15:18, 15:21, 16:3, 17:4, 17:6, 17:11, 17:13, 19:12, 19:15
**defendant's** [11] - 6:15, 6:19, 7:1, 8:21, 13:18, 14:2, 14:9, 14:14, 15:7, 15:14, 16:5
**defense** [1] - 8:3
**definition** [1] - 17:17
**degree** [1] - 17:2
**demonstrate** [1] - 8:23
**dependent** [1] - 14:16
**described** [1] - 15:7
**deserving** [1] - 17:3
**designated** [1] - 18:10
**designation** [1] - 9:10
**despite** [1] - 15:21
**detail** [1] - 7:7
**deter** [3] - 8:25, 14:5, 17:5
**determine** [2] - 4:11, 16:13
**determined** [2] - 15:5, 5:25
**determining** [3] - 7:21, 12:22, 13:17
**deterred** [4] - 16:1, 16:4,

17:15, 17:16
**deterrence** [1] - 17:2
**different** [1] - 14:20
**difficulties** [1] - 14:18
**digital** [1] - 14:3
**directed** [1] - 18:23
**directly** [1] - 12:21
**disagree** [1] - 20:11
**discretion** [1] - 11:21
**discussed** [1] - 4:16
**discussion** [1] - 12:13
**dismiss** [1] - 19:14
**dismissed** [1] - 19:17
**disposition** [1] - 8:2
**distinguish** [2] - 10:22, 16:9
**distribute** [1] - 10:18
**distributed** [1] - 10:23
**distributing** [2] - 8:16, 9:14
**distribution** [2] - 2:15, 13:22
**District** [2] - 18:7, 20:16
**DISTRICT** [2] - 1:1, 1:1
**DNA** [1] - 18:23
**docket** [1] - 8:10
**document** [4] - 2:11, 7:10, 7:12
**documents** [1] - 7:15
**done** [2] - 15:13, 21:2
**downward** [8] - 4:19, 7:11, 7:13, 8:1, 8:11, 9:23, 10:7, 11:20
**draft** [1] - 4:8
**drafters** [1] - 11:12
**driven** [1] - 16:16
**Drug** [1] - 18:15
**drug** [14] - 5:18, 8:16, 9:2, 15:12, 16:6, 16:9, 16:14, 16:16, 16:17, 16:21, 16:22, 16:24, 17:8
**drugs** [8] - 8:18, 9:20, 11:7, 11:8, 11:16, 16:23, 17:7, 17:14
**due** [1] - 19:5
**during** [1] - 14:2

## E

**earn** [2] - 4:24, 14:22
**earned** [3] - 9:9, 15:21, 17:11
**earning** [1] - 15:5
**ecstasy** [1] - 14:4
**Eighth** [1] - 20:13
**employed** [2] - 22:7, 22:8
**employee** [1] - 22:7
**employment** [3] - 14:23, 14:25, 17:12
**enforcement** [3] - 9:19, 14:6, 17:15
**engaged** [1] - 15:22
**enhancement** [1] - 5:21
**entering** [1] - 6:9

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR    Document 59    Filed 04/07/22    Page 24 of 28

environment [2] - 11:9, 15:12
escalation [1] - 9:13
escape [1] - 9:5
establish [1] - 16:7
except [1] - 12:6
exception [1] - 11:9
exceptions [2] - 4:11, 4:17
expense [1] - 20:23
explanations [1] - 3:20

**F**

facility [1] - 18:11
fact [1] - 11:19
factor [2] - 17:20, 17:22
factors [3] - 12:2, 13:14, 17:25
facts [1] - 3:19
fail [1] - 20:17
fair [2] - 3:3, 3:12
fall [1] - 13:22
family [6] - 11:6, 11:8, 11:16, 13:6, 13:9, 18:11
father [2] - 11:15, 15:9
FCRR [2] - 1:23, 22:12
federal [1] - 18:21
feel [1] - 5:2
felony [2] - 8:16, 9:2
file [3] - 2:11, 20:15, 20:18
filed [6] - 2:11, 4:13, 4:18, 7:9, 7:11, 7:12
final [1] - 4:14
financially [1] - 22:8
find [4] - 17:10, 17:18, 17:21, 19:6
fine [2] - 2:25, 19:7
firearm [3] - 5:21, 9:17, 14:11
firearms [1] - 9:21
Firm [1] - 1:12
first [6] - 5:13, 7:25, 8:8, 10:8, 10:16, 13:19
five [1] - 2:13
five-count [1] - 2:13
follow [1] - 10:2
following [3] - 2:1, 12:15, 18:19
FOR [1] - 1:1
foregoing [1] - 22:4
forever [1] - 20:19
form [1] - 10:21
forming [1] - 10:24
forth [3] - 13:14, 17:25, 19:2
forward [1] - 13:7
foster [2] - 11:5, 11:14, 15:9
four [1] - 13:24
full [2] - 3:3, 3:12
fully [1] - 12:1
Fulton [1] - 18:7

future [1] - 8:25

**G**

GED [2] - 4:24, 14:22
generally [1] - 7:25
Georgia [1] - 18:7
girlfriend [2] - 9:15, 14:10
give [1] - 20:19
gives [2] - 5:22, 8:3
goals [1] - 13:13
government [7] - 3:6, 6:11, 7:12, 8:1, 8:10, 12:6, 19:13
government's [3] - 6:8, 8:4, 11:10
grams [8] - 10:16, 10:17, 10:18, 10:20, 10:24
grants [2] - 6:13, 19:16
greater [5] - 13:13, 16:17, 16:18, 17:3
grew [1] - 15:11
group [2] - 11:6, 11:14
growing [1] - 11:9, 15:13
guideline [13] - 5:14, 7:4, 7:23, 7:24, 8:13, 8:20, 10:1, 10:13, 16:18, 17:23, 17:24
guidelines [10] - 3:7, 5:19, 5:24, 6:7, 10:10, 11:2, 11:13, 16:15, 16:19
guilty [4] - 2:12, 2:13, 6:4, 6:10

**H**

hand [1] - 22:9
happens [1] - 16:24
health [1] - 14:17
hear [1] - 7:25, 8:5, 8:8
hearing [9] - 2:5, 7:6, 7:16, 12:20, 20:5, 21:9, 22:3, 22:4, 22:5
HEARING [1] - 1:15
held [4] - 2:1, 12:13, 12:15, 22:3
HELD [1] - 1:16
hereby [4] - 18:2, 19:9, 19:17, 22:2
hereto [1] - 22:8
heretofore [1] - 22:3
high [5] - 4:23, 8:24, 9:4, 14:22, 17:2
higher [1] - 20:13
highlight [1] - 10:8
history [21] - 3:18, 6:1, 6:16, 6:20, 6:23, 6:24, 7:2, 7:3, 8:22, 8:23, 10:9, 10:10, 11:1, 14:14, 14:17, 14:23, 15:14, 15:22, 17:12, 17:13
hit [1] - 15:2
hold [1] - 12:24

home [2] - 11:6, 11:14
HON [1] - 1:16
Honor [22] - 2:5, 3:9, 3:14, 3:22, 4:3, 4:7, 6:12, 7:17, 7:19, 8:9, 10:5, 10:6, 10:12, 11:4, 12:18, 19:13, 19:21, 19:23, 19:25, 20:8, 21:5, 21:7
Honorable [1] - 22:3
house [1] - 14:2

**I**

illness [1] - 14:17
immediately [1] - 19:6
impose [4] - 2:24, 2:25, 3:1, 8:6
imposed [4] - 18:7, 19:8, 20:12, 20:20
imprisoned [1] - 18:3
imprisonment [4] - 7:4, 18:5, 18:6, 18:17
IN [2] - 1:1, 22:9
included [2] - 2:14
including [1] - 9:4
increased [1] - 9:22
indicated [1] - 22:3
indictment [3] - 2:13, 2:14, 14:1
information [4] - 4:12, 11:24, 14:1
informed [1] - 12:1
instant [4] - 6:21, 15:22, 15:24, 18:5
instead [1] - 12:4
interested [1] - 22:8
interference [1] - 9:4
investigation [4] - 2:10, 7:8, 13:21, 14:13
invite [1] - 12:8, 12:10
involve [1] - 10:15
involved [6] - 10:18, 13:20, 15:19, 16:6, 16:22, 16:25
IOWA [1] - 1:1
Iowa [8] - 1:10, 1:12, 1:18, 1:24, 20:16, 20:17, 22:2, 22:13
items [1] - 10:8

**J**

jail [2] - 4:9, 4:15
Jerry [1] - 2:3
JERRY [1] - 1:6
job [3] - 14:24, 15:5
judgment [4] - 18:2, 19:1, 20:2, 20:6
justice [2] - 6:21, 15:23
juvenile [1] - 15:17

**K**

kicks [1] - 10:11

**L**

lack [2] - 17:1, 17:2
LAHAMMER [11] - 1:12, 3:14, 3:22, 4:2, 4:7, 7:19, 10:5, 12:18, 19:25, 20:8, 21:5
Lahammer [15] - 1:12, 2:8, 3:11, 4:4, 4:21, 5:4, 5:7, 7:18, 12:16, 15:7, 16:6, 19:24, 20:7, 21:4
larger [1] - 16:10
last [1] - 14:25
Law [1] - 1:12
law [7] - 9:3, 9:11, 9:18, 14:6, 17:15, 20:5
learned [1] - 15:13
least [1] - 2:22
leave [2] - 11:21, 12:6
led [2] - 14:1, 17:9
legitimate [2] - 14:24, 15:5
lenient [1] - 16:3
lesser [1] - 2:14
level [7] - 5:17, 5:23, 6:3, 6:12, 6:15, 7:3, 11:1
levels [1] - 6:14
life [3] - 2:22, 11:17, 15:9
limited [2] - 14:23, 14:25
livelihood [1] - 17:6
living [2] - 17:14, 17:17
loaded [3] - 9:17, 9:21, 14:11
local [1] - 18:21
locations [1] - 9:15
look [1] - 16:21
looked [1] - 4:22
looking [3] - 13:7, 16:11, 17:12
low [2] - 8:18, 15:3

**M**

machine [1] - 1:20
made [1] - 17:14
main [1] - 10:11
make [6] - 4:5, 8:4, 10:19, 12:1, 14:6, 20:5
makes [1] - 11:3
making [3] - 16:8, 16:23, 17:6
mandatory [4] - 3:1, 16:15, 16:17, 18:20
March [1] - 4:8
marijuana [1] - 14:19
married [1] - 14:15
Marshal [1] - 19:10
matter [3] - 2:2, 2:4, 7:20

3

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*

Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 25 of 28

**meeting** [1] - 4:13
**meetings** [1] - 4:18
**members** [1] - 11:8
**memo** [1] - 4:18
**memorandum** [1] - 7:10
**mental** [1] - 14:17
**mention** [1] - 13:16
**met** [1] - 4:9
**MICHAEL** [1] - 1:12
**Mike** [1] - 2:8
**million** [1] - 2:25
**minimal** [1] - 11:18
**minimum** [2] - 16:15, 16:18
**minutes** [1] - 12:9
**missing** [1] - 14:4
**mitigating** [2] - 17:20, 17:22
**money** [1] - 15:5
**months** [8] - 7:5, 8:14, 9:25, 11:2, 11:20, 11:22, 13:24, 18:4
**Morfitt** [9] - 2:6, 3:2, 6:7, 7:14, 8:8, 10:3, 9:11, 19:18, 21:6
**MORFITT** [9] - 1:10, 3:5, 3:9, 6:11, 7:17, 8:9, 19:13, 19:21, 21:7
**most** [2] - 9:17, 13:6
**mother** [2] - 11:16, 15:10
**motion** [9] - 4:19, 6:13, 7:11, 7:13, 8:1, 8:11, 9:23, 10:7, 19:16
**moves** [2] - 6:11, 19:14
**MR** [18] - 3:5, 3:9, 3:14, 3:22, 4:2, 4:7, 6:11, 7:17, 7:19, 8:9, 10:5, 12:18, 19:13, 19:21, 19:25, 20:8, 21:5, 21:7
**multiple** [3] - 8:17, 9:5, 9:15
**Murray** [5] - 1:19, 1:23, 22:2, 22:11, 22:12
**must** [7] - 3:1, 18:19, 18:20, 18:21, 18:22, 18:24, 19:4

**N**

**narratives** [1] - 3:19
**nature** [4] - 6:1, 9:12, 13:19, 15:15
**near** [1] - 9:15
**necessary** [2] - 8:25, 13:13
**needs** [2] - 3:21, 18:13
**neighborhood** [1] - 11:6
**next** [2] - 20:17, 20:18
**none** [2] - 3:9, 19:7
**norm** [1] - 11:11
**NORTHERN** [1] - 1:1
**Northern** [1] - 20:16
**note** [1] - 9:12
**noted** [3] - 3:16, 3:23, 4:22
**nothing** [1] - 10:22
**Nothing** [1] - 11:10

**notice** [2] - 20:15, 20:18
**Number** [1] - 2:4
**number** [5] - 2:11, 7:10, 7:12, 18:8
**numerous** [2] - 9:2, 9:8

**O**

**objection** [2] - 3:17, 3:24
**objections** [9] - 3:7, 3:16, 3:19, 3:20, 3:25, 4:2, 4:11, 4:13, 4:17
**occasions** [4] - 8:17, 9:5, 9:8, 14:20
**occurred** [2] - 14:5, 15:18
**OF** [2] - 1:1, 1:3
**offender** [12] - 6:1, 6:25, 8:15, 8:19, 9:10, 10:11, 10:12, 10:21, 16:8, 17:10, 17:18
**offense** [20] - 2:14, 5:17, 5:23, 6:3, 6:4, 6:15, 6:21, 7:3, 9:13, 10:14, 10:16, 10:17, 10:19, 10:23, 11:1, 11:23, 13:20, 15:19, 15:25, 18:5
**offenses** [6] - 6:2, 8:16, 9:2, 15:15, 16:1, 17:10
**Office** [1] - 1:10
**office** [5] - 5:15, 5:16, 5:25, 6:5, 6:17
**officer** [3] - 9:6, 12:10, 18:24
**Officer** [2] - 2:9, 19:22
**OFFICER** [1] - 19:23
**officers** [3] - 13:24, 14:2, 14:6
**official** [1] - 9:5
**old** [1] - 14:15
**one** [2] - 2:13, 16:14
**open** [2] - 2:1, 12:15
**opportunity** [4] - 3:3, 3:12, 8:3, 12:20
**option** [1] - 2:23
**order** [4] - 11:25, 19:1, 20:3, 20:6
**ordered** [2] - 18:4, 19:4
**Ordered** [1] - 1:21
**original** [1] - 10:9
**outside** [1] - 12:10
**overstates** [1] - 10:14
**overstating** [1] - 11:23
**own** [2] - 4:25, 8:4

**P**

**page** [1] - 5:16
**PAMurrayReporting@**
**gmail.com** [1] - 1:25
**pandemic** [2] - 12:4, 15:2
**paragraph** [8] - 3:17, 3:24, 4:10, 5:16, 5:20, 6:18
**paragraphs** [2] - 15:1, 19:2

**parole** [3] - 2:19, 15:18, 15:24
**part** [1] - 16:16
**participate** [1] - 18:14
**participating** [1] - 2:8
**particularly** [1] - 18:16
**parties** [4] - 7:9, 12:8, 22:7, 22:8
**past** [1] - 10:24
**Patrice** [5] - 1:19, 1:23, 22:2, 22:11, 22:12
**pattern** [2] - 16:21, 16:25
**pay** [2] - 19:4, 19:7
**pending** [2] - 3:24, 19:12
**people** [2] - 16:13, 17:6
**perhaps** [1] - 9:17
**period** [3] - 13:21, 15:10, 17:5
**person** [1] - 16:23
**personally** [1] - 2:7
**personnel** [1] - 12:6
**persuade** [1] - 7:24
**physically** [1] - 14:17
**pills** [1] - 14:4
**place** [4] - 2:21, 6:23, 22:3, 22:5
**placed** [1] - 18:17
**Plaintiff** [1] - 1:4
**plastic** [1] - 14:3
**plea** [1] - 6:10
**pleadings** [2] - 7:8, 7:14
**pled** [3] - 2:12, 2:13, 6:4
**PO** [2] - 1:24, 22:13
**point** [1] - 10:13
**points** [5] - 6:20, 6:22, 6:23, 15:20, 15:22
**police** [1] - 9:6
**poor** [1] - 15:8
**position** [1] - 6:8
**possess** [1] - 18:22
**possession** [2] - 5:21, 9:20
**possibility** [1] - 2:19
**practice** [1] - 7:25
**predicate** [1] - 17:9
**predicates** [2] - 10:25, 16:7
**preparation** [2] - 7:6, 7:15
**present** [1] - 2:7
**presentence** [2] - 2:10, 3:4, 3:13, 4:1, 4:8, 4:23, 7:7, 8:19, 15:2, 19:3
**previously** [1] - 15:25
**priors** [3] - 10:15, 10:22, 11:19
**prison** [2] - 2:19, 2:20
**Prisons** [2] - 18:3, 18:11
**Prisons'** [1] - 18:14
**private** [1] - 12:7
**PROBATION** [1] - 19:23
**Probation** [1] - 2:9
**probation** [10] - 2:23, 2:24, 5:15, 5:16, 5:24, 6:5, 6:17,

15:18, 15:24, 18:24
**Proceedings** [1] - 21:10
**proceedings** [3] - 2:1, 22:4, 22:5
**process** [1] - 13:8
**Program** [1] - 18:15
**program** [1] - 18:16
**protect** [2] - 9:1, 17:3
**protected** [1] - 9:15
**provide** [2] - 11:25, 20:4
**provided** [3] - 4:8, 4:15, 13:25
**provision** [1] - 7:1
**proximity** [1] - 18:11
**public** [1] - 9:1
**punish** [1] - 16:20
**punishable** [1] - 2:18
**punishment** [1] - 17:3
**purchase** [1] - 16:11
**put** [1] - 10:6

**Q**

**qualifies** [2] - 5:25, 6:25
**quantities** [3] - 11:18, 16:6, 16:16
**quantity** [9] - 5:18, 8:18, 15:15, 16:10, 16:15, 16:17, 16:22, 16:24, 17:8
**questions** [3] - 5:8, 5:10, 21:1

**R**

**range** [10] - 5:14, 7:4, 7:23, 7:25, 8:13, 8:20, 10:1, 17:23, 17:24
**Rapids** [6] - 1:10, 1:12, 1:18, 1:24, 20:17, 22:13
**read** [1] - 4:24
**reason** [1] - 15:3
**reasons** [2] - 8:9, 9:24
**receipt** [3] - 4:7, 4:14, 20:1
**receive** [1] - 6:9
**received** [1] - 16:2
**recidivate** [2] - 8:24, 9:4
**recidivism** [1] - 17:2
**recognize** [1] - 17:8
**recommended** [2] - 18:10, 18:13
**record** [4] - 4:5, 9:7, 15:3, 22:5
**recovered** [1] - 14:3
**reduction** [2] - 6:6, 6:9
**reflected** [3] - 10:9, 15:1, 20:2
**reflects** [2] - 16:25, 17:1
**regarding** [1] - 8:1
**regardless** [2] - 16:22, 16:24

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 26 of 28

regurgitate [1] - 10:6
rehabilitating [1] - 13:7
related [1] - 22:6
relative [1] - 22:7
relatively [2] - 8:18, 17:9
release [7] - 2:21, 2:23, 9:8, 10:1, 18:17, 18:18, 18:19
remains [1] - 19:11
remanded [1] - 19:9
remove [1] - 14:11
removing [1] - 17:4
report [20] - 2:10, 3:4, 3:8, 3:13, 3:15, 4:1, 4:5, 4:8, 4:12, 4:13, 4:14, 4:23, 4:25, 5:3, 5:7, 5:11, 7:8, 8:19, 15:2, 19:3
reported [3] - 1:18, 8:18, 22:3
Reporter [4] - 1:19, 1:23, 22:2, 22:12
represent [1] - 20:22
represented [2] - 2:5, 2:7
requests [1] - 8:12
residence [2] - 14:9, 14:12
Residential [1] - 18:15
residue [1] - 14:3
resist [2] - 8:11, 9:23
resistance [4] - 7:13, 8:10, 9:24, 11:10
respect [2] - 9:3, 9:11
respond [1] - 8:4
responsibility [2] - 6:6, 6:14
restitution [1] - 19:7
resulted [1] - 6:19
review [2] - 3:3, 3:12
reviewed [4] - 4:10, 7:7, 7:8, 7:15
rights [2] - 19:18, 20:11
risk [2] - 8:24, 9:4
RMR [2] - 1:23, 22:12
rule [1] - 3:21
RUSSELL [1] - 1:10

**S**

S.E [3] - 1:10, 1:12, 1:17
sample [1] - 18:23
scale [1] - 14:3
school [2] - 4:23, 14:22
score [1] - 15:20
scored [1] - 6:17
scoring [1] - 10:9
sealed [1] - 12:13
search [3] - 14:1, 14:2, 14:8
Second [1] - 1:12
second [2] - 10:17, 10:19
section [6] - 3:18, 5:18, 5:22, 6:2, 6:6, 6:10
Section [3] - 13:15, 18:1, 18:9
Sections [1] - 2:17

security [2] - 12:10, 18:12
selling [3] - 11:8, 17:7, 17:14
sense [1] - 15:8
sentence [17] - 2:20, 6:22, 7:22, 8:7, 8:12, 8:24, 9:25, 12:22, 13:12, 13:18, 16:13, 16:18, 17:22, 17:23, 20:11, 20:12, 20:19
sentences [3] - 15:23, 16:2, 16:16
SENTENCING [1] - 1:15
sentencing [5] - 2:5, 4:18, 7:6, 7:9, 13:14
Sentencing [2] - 16:12, 16:19
separated [1] - 15:10
September [1] - 14:8
seriousness [2] - 10:14, 11:23
served [2] - 2:20, 18:5
services [1] - 20:21
set [5] - 13:14, 17:25, 19:1, 19:2, 22:9
Seventh [2] - 1:10, 1:17
short [1] - 9:9
Shorthand [2] - 1:19, 22:2
shorthand [2] - 1:20, 22:4
show [2] - 9:3, 9:13
shown [1] - 9:10
shows [1] - 16:25
sidebar [2] - 11:25, 12:5
significant [3] - 8:24, 11:4, 16:2
significantly [1] - 8:20
six [2] - 14:16, 14:25
small [2] - 16:8, 17:9
smuggle [1] - 9:16
sold [1] - 11:6
special [4] - 3:1, 19:2, 19:5, 20:1
spoken [1] - 5:6
Stacy [1] - 2:9
standard [1] - 18:25
State [1] - 22:2
state [1] - 18:21
statement [1] - 11:10
STATES [2] - 1:1, 1:3
States [13] - 1:11, 2:3, 2:5, 2:6, 2:9, 2:16, 3:2, 13:15, 18:1, 18:9, 19:4, 19:10, 19:20
statute [1] - 2:18
step [2] - 12:10, 13:8
still [1] - 15:21
stop [2] - 9:19, 13:25
stopped [1] - 9:18
Street [1] - 1:12
Sturdevant [2] - 2:9, 19:22
subsequently [2] - 4:9, 4:16
substance [2] - 18:16, 18:22
substances [2] - 16:1, 16:10
sufficient [2] - 5:3, 13:12

sufficiently [1] - 17:21
Suite [1] - 1:12
summarized [1] - 6:17
summer [1] - 13:21
supervised [5] - 2:21, 2:22, 10:1, 18:18, 18:19
supervision [2] - 9:7, 18:25

**T**

table [1] - 5:18
talk [1] - 20:10
talking [1] - 10:20
telephone [1] - 2:8
tell [1] - 12:21
temporarily [2] - 11:15, 12:7
term [2] - 2:21, 2:24, 18:4, 18:6, 18:18
terrible [1] - 9:7
THE [40] - 1:1, 1:1, 1:16, 2:2, 3:6, 3:10, 3:15, 3:23, 4:4, 4:21, 5:1, 5:2, 5:5, 5:6, 5:9, 5:10, 5:12, 5:13, 6:13, 7:18, 7:20, 10:3, 12:3, 12:16, 12:19, 13:2, 13:4, 13:5, 13:11, 19:16, 19:22, 19:24, 20:4, 20:9, 20:25, 21:1, 21:3, 21:4, 21:6, 21:8
therefore [1] - 9:22
three [1] - 14:20
throughout [1] - 13:8
timely [1] - 6:10
Title [4] - 2:16, 13:15, 18:1, 18:8
today [4] - 3:21, 5:10, 13:16, 21:2
today's [2] - 7:6, 7:16
toddler [1] - 11:7
Tony [1] - 2:6
total [6] - 6:15, 6:22, 7:2, 10:16, 10:19, 10:21
TOWNS [1] - 1:6
Towns [8] - 2:3, 3:11, 4:22, 8:5, 12:19, 13:11, 19:18, 20:10
Towns's [1] - 10:23
traffic [2] - 9:19, 13:25
transcribed [1] - 22:4
Transcript [2] - 1:21, 1:21
transcript [1] - 22:5
Treatment [1] - 18:15
treatment [2] - 14:20, 18:16
troubling [1] - 15:14
true [1] - 22:5
try [1] - 14:10
turn [1] - 5:13
turning [2] - 13:19, 14:14
twice [2] - 9:6, 15:25
two [4] - 8:15, 9:1, 10:15, 14:6

**U**

U.S [1] - 1:10
ultimate [2] - 7:21, 8:2
ultimately [1] - 14:8
under [16] - 2:18, 5:22, 5:24, 6:2, 6:6, 6:10, 6:21, 6:25, 10:10, 11:2, 12:1, 12:2, 15:23, 17:17, 17:20, 18:8
undisputed [1] - 8:13
unemployment [1] - 15:3
UNITED [2] - 1:1, 1:3
United [13] - 1:11, 2:3, 2:5, 2:6, 2:9, 2:16, 3:2, 13:15, 18:1, 18:8, 19:4, 19:9, 19:19
unlawfully [1] - 18:21
unusual [1] - 11:11
up [11] - 2:18, 2:22, 2:25, 8:20, 11:5, 11:9, 11:13, 13:9, 15:11, 15:13, 20:19
upbringing [2] - 11:5, 15:8
use [1] - 18:22
used [2] - 14:19
using [1] - 1:19

**V**

variance [10] - 4:19, 7:11, 7:13, 8:1, 8:11, 9:23, 10:7, 10:12, 11:12, 11:20
vary [2] - 7:22, 7:24
versus [1] - 2:3
VI [2] - 7:2, 7:3
violated [1] - 9:8
violation [1] - 2:16
violence [1] - 15:19
VS [1] - 1:5

**W**

want [4] - 13:2, 13:5, 13:7, 13:9
warrant [3] - 11:12, 14:1, 14:9
ways [1] - 9:13
WHEREOF [1] - 22:9
whole [3] - 11:6, 11:16, 11:17
Williams [1] - 22:3
WILLIAMS [1] - 1:16
wishes [1] - 8:6
WITNESS [1] - 22:9
worked [1] - 14:24
working [1] - 15:4
written [2] - 20:15, 20:18

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 2:19-cr-01020-CJW-MAR   Document 59   Filed 04/07/22   Page 27 of 28

## Y

**years** [7] - 2:19, 2:22, 2:24, 10:1, 14:15, 14:25, 18:18

## Z

**zero** [1] - 9:3